WICKER, Judge.
Plaintiff filed a suit against defendants [1] to recover $396.89 for supplemental work it *1048 expended in causing certain windows purchased by defendants to be exchanged for windows of a different size.
Defendants answered and denied liability for the bill. After a trial, judgment was rendered in favor of defendants dismissing plaintiff’s suit. Prom that judgment plaintiff has appealed.
The basic facts are not in dispute. Edward M. Kuhn, plaintiffs president, spoke to Curry Holifield, employed by defendant contractor, and quoted a price for furnishing Alcoa windows for use in residential construction undertaken by defendant. While there is some conflict, the evidence bears out plaintiff’s contention that the number and sizes of the needed windows were obtained by plaintiff from a representative of Alcoa Aluminum and not from defendant.
Kuhn testified he told Holifield he would confirm the quotation in a written proposal and asked Holifield to check the proposal for errors since he was not financially able to bear the expense of exchanging improperly furnished windows. Holifield denied plaintiff requested that he check for errors.
The proposal was mailed to defendant, but in the process it appears plaintiff either made typing errors with regard to the size of certain windows or obtained incorrect information regarding their size.
The proposal was mailed to defendant with the following warning typed in capital letters and underlined: “THIS PROPOSAL. IF ACCEPTED. IS NOT SUBJECT TO CHANGES OR CANCELLATION AFTER DATE OF ACCEPTANCE.”
Defendant signed the proposal without reading or checking it, and it was returned to plaintiff. Plaintiff ordered the windows listed on the proposal and made delivery of the windows in due course.
At this time defendant learned some of the windows were of improper size, but they nevertheless conformed to the sizes set forth in the written agreement between plaintiff and defendant.
Defendant requested plaintiff to take back the windows and furnish windows of proper size. Plaintiff expended sums to obtain windows which conformed to the size needed by defendant, made delivery of the windows in due course, and billed defendant for the amount sued upon. Defendant paid the original contract price but refused to pay for the extra charge billed by plaintiff.
The facts indicate both plaintiff and defendant were in error when they entered into the contract for the windows. Plaintiff erroneously listed the sizes of certain windows, and defendant erroneously accepted plaintiff’s bid for these windows without checking the sizes against plans and specifications to assure their conformity. Under certain circumstances, mutual error is sufficient to vitiate a contract and will allow its recission. However, in this case, the contract was accepted by defendant and no suit for recission was filed. Consequently, it appears the only issue for our decision is whether, under all the circumstances of the case, plaintiff is entitled to recover for “extras” incurred as a result of the error in the contract proposal furnished by plaintiff and accepted by defendant.
The trial judge found as a matter of fact that the original contract for the sale of windows had been performed by both plaintiff and defendant. We see no error in this finding.
The trial judge also found as fact that the defendant never contracted to pay plaintiff extra sums for substituting windows called for by the plans and specifications, for the incorrect sized units originally delivered. Plaintiff’s representative testified he adamantly refused to deliver the replacement windows unless defendant promised to pay his extra charge. Holifield testified the only concession made by defendant was an offer to end the dispute by “splitting the difference”, but plaintiff refused this offer at all times.
*1049 Basic contract law provides that if an offer and an acceptance do not conform to each other, no contract has been reached.[2] In refusing to enforce plaintiff’s demand for extra remuneration the trial judge obviously accepted the testimony of Holifield over that of plaintiff’s representative and found that each party did not accept the offer made by the other. There is ample evidence in the record to justify this finding, and we conclude the trial judge did not violate the wide range of discretion afforded him by Louisiana law.
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.

SCHOTT, J., concurring with written reasons.

. The parties stipulated at trial that C. Dawson Moore, Sr. was not a proper defendant because he was not involved in his son’s business in any manner. Therefore, “defendant” as used herein refers only to C. Dawson Moore, Jr.

. Civil Code Articles 1805 and 1806.